UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY M. JODWAY,

    Appellant,

v.

FIFTH THIRD BANK, Servicer for FIFTH
THIRD BANK MORTGAGE COMPANY,

    Appellee.
_____/

Case No. 17-cv-10437

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

## OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S DECISION TO DISMISS CHAPTER 13 BANKRUPTCY CASE

### I. INTRODUCTION

This is an appeal from a bankruptcy court's dismissal of a Chapter 13 bankruptcy case. For the reasons stated below, the Court will AFFRIM the bankruptcy court's decision.

### II. FACTS

On August 3, 2005, the Jodways took out a $649,000 mortgage on a property at 324 Bay Street in Boyne City, Michigan (the "Property"), from Fifth Third Mortgage Company (hereinafter "Appellee" or "Fifth Third Co."). Bankruptcy R., Dkt. No. 4, p. 94 (Pg. ID 104). Eventually, the Jodways failed to meet their mortgage obligations, the Appellee referred the matter to foreclosure, and a Chapter 13 Bankruptcy case commenced. The Jodways have an extensive

-1-

history before the bankruptcy court. This appeal involves four separate stages of litigation involving the Jodways, the Appellee, and the Property.

*Jodway I*

In September 2008, the Jodways filed suit in the Charlevoix County Circuit Court alleging fraud claims against Fifth Third LLC, *inter alia*. *Zanke-Jodway v. Capital Consultants, Inc.*, No. 1:08-CV-930, 2010 WL 776743, at *3 (W.D. Mich. Mar. 3, 2010). The Jodways claimed that they were fraudulently induced into the Mortgage. *Id*. at *5–6. The case was removed on federal question grounds to the U.S. District Court for the Western District of Michigan on October 3, 2008. *Id*. at *4. Fifth Third LLC moved for summary judgment. However, the Jodways failed to file any opposition to Fifth Third LLC's Motion. *Id*. at *4. On March 3, 2010, the U.S. District Court dismissed the Jodways' claims against Fifth Third LLC under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *Id*. at *12–13. On January 20, 2011, the mortgage was assigned to Appellee, Fifth Third Mortgage Company. Dkt. No. 4, p. 75 (Pg. ID 1309).

Over the course of the litigation of *Jodway I*, the Jodways failed to meet their mortgage obligations. Fifth Third Co. referred the matter to foreclosure and in June 2014, foreclosure notice was posted. Dkt. No. 4, p. 99 (Pg. ID 110). The Sheriff's sale was scheduled for June 27, 2014. *Id*., p. 730 (Pg. ID 739). Tim

Jodway filed for Chapter 13 relief in bankruptcy court on June 26, 2014 to stay Fifth Third Co.'s foreclosure. *Id.*, p. 72 (Pg. ID 82).

*Jodway II*

On February 11, 2015, while in bankruptcy, the Jodways filed an adversary proceeding against Fifth Third Co. ("*Jodway II*"). *Id.* The Complaint raised the same allegations they raised in *Jodway I*. On March 3, 2015, Fifth Third Co. moved for dismissal. The bankruptcy court dismissed the action on April 13, 2015. The bankruptcy court issued its opinion from the bench, holding that Count I was barred by the doctrines of res judicata and collateral estoppel, and that Counts II and III were not independent causes of action under Michigan law. The Jodways did not appeal the bankruptcy court's dismissal of their complaint. The Jodways, the Trustee, and Fifth Third Co. eventually stipulated to the entry of an Order Confirming Plan of Restructuring ("the Plan"). As a part of the Plan, the Jodways agreed to surrender the Property. That order was entered by the bankruptcy court on May 12, 2015. Fifth Third Co. later again tried to commence foreclosure proceedings, allegedly in accordance with stipulations in the Plan, but the Jodways disputed their claim. On April 15, 2016, the State court granted Fifth Third Co. judgment of foreclosure on the Property in the amount of $945,139.55.

*Jodway III*

On April 13, 2016, the Jodways filed a Motion to Reopen the Case, and a Rule 60 Motion for relief from the April 13, 2015 Judgment ("*Jodway III*"). On May 16, 2016, the bankruptcy court heard the parties' arguments and denied the motion from the bench. The bankruptcy court denied relief for the "reasons in [Fifth Third Co.'s] brief" and further held that the Jodways were estopped from pursuing their fraud claims further because they had already agreed to surrender the Property as a part of their restructuring. Dkt. No. 6 at 1095 (Pg. ID No. 1116). On August 29, 2016, this Court affirmed the bankruptcy court's decision.

*Jodway IV*

On September 28, 2016, Fifth Third moved to dismiss the Chapter 13 case for failure to make payments. At that time, Appellant had not made payments since June 2016. On October 31, 2016, and December 14, 2016, the Jodways filed post-confirmation plan modifications, which Fifth Third objected to.

At a hearing, Fifth Third argued that dismissal was warranted because the Appellant failed to surrender the property or pay in accordance with the terms of the confirmed plan. In response, Mr. Jodway argued for the first time that dismissal was not warranted due to newly discovered evidence regarding one of their loan applications. The bankruptcy court was not persuaded by Mr. Jodway's arguments.

Accordingly, the bankruptcy court dismissed the Chapter 13 case pursuant to 11 U.S.C. 1307(c)(6).

*Application # 3*

The "newly discovered evidence" mentioned in *Jodway IV* is referred to as "Application # 3". According to the Jodways, Application # 3 is the third rendition of the Jodway's loan application. The Jodways contend that the signatures contained in Application # 3 were illegally obtained in 2005. According to the Jodways, they did not learn of Application # 3 until March 2016.

The only issue before the Court is whether the bankruptcy court erred by dissing Mr. Jodway's bankruptcy case.

## II. STANDARD OF REVIEW

"Dismissal of a bankruptcy case is reviewed for abuse of discretion. A bankruptcy court abuses its discretion when it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. A bankruptcy court's findings supporting dismissal of a bankruptcy petition are factual determinations. Findings of fact are reviewed under the clearly erroneous standard. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Eastown*

*Auto Co.*, 215 B.R. 960, 963–64 (B.A.P. 6th Cir. 1998) (internal citations and quotations omitted).

## III. DISCUSSION

On appeal, the Appellant asserts three arguments: (1) violations of the Equal Credit Opportunity Act; (2) the Doctrine of Unclean Hands; and (3) violations of due process. As best as the court can tell, it seems that the Appellant is arguing that the dismissal of their Chapter 13 case was improper because the mortgage was unlawful in the first instance. None of the Appellant's arguments have merit.

The Equal Credit Opportunity Act "makes it 'unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction [ ] on the basis of ... sex or marital status,' among other things." *RL BB Acquisition, LLC v. Bridgemill Commons Dev. Grp., LLC*, 754 F.3d 380, 383 (6th Cir. 2014) (quoting 15 U.S.C. § 1691(a). To establish a prima facie case under Equal Credit Opportunity Act (ECOA), plaintiff must show that he or she is a member of a protected class under the statute, that he or she applied for and was qualified for credit, and that, despite his or her qualifications, plaintiff was denied credit. *Id*. The Appellant argues that the ECOA was violated because Mrs. Zanke-Jodway's signature on Application # 3 was acquired through fraud and trickery. It is not entirely clear whether the Appellants are alleging discrimination on the basis

of sex or marital status. Similarly it is unclear which of the Jodways is claiming to have been discriminated against.

The doctrine of unclean hands "gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant. It is 'not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion.' " *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 815, 65 S. Ct. 993, 997, 89 L. Ed. 1381 (1945). The Jodways argue that false statements in the loan application process make the creditor an unclean litigant.

Lastly, due process confers the right to be heard and the duty of the government to follow a fair process in decision-making when it acts to deprive a person of his/her possessions. *Fuentes v. Shevin*, 407 U.S. 67, 80–81 (1983). The Jodways argue that their right to due process during mortgage validation was violated because the creditor did not "play by the court rules, nor did they adhere to the Michigan Rules of Professional Conduct." Dkt. No. 5, p. 32 (Pg. ID 1351).

Each of the Appellant's arguments misses the point that this is an appeal from the bankruptcy court's dismissal of the Chapter 13 case, <u>not</u> an appeal from the mortgage itself. The Appellant's brief fails to cite specific assignments of error (factual or legal) with respect to the bankruptcy court's dismissal of the Chapter 13 case. Instead, the Appellant's brief reads as a laundry list of grievances with the Jodways' mortgage and the process through which they negotiated the mortgage.

To the extent that the Appellant asserts these arguments under the guise of reversal of dismissal of the Chapter 13 case, each argument is barred by res judicata.

### A. Res Judicata

Res judicata dictates that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979) (citations omitted). For res judicata to apply, the following elements must be present:

> (1) a final decision on the merits by a court of competent jurisdiction;
> (2) a subsequent action between the same parties or their "privies";
> (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and
> (4) an identity of the causes of action.

*Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997). Res judicata "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (internal quotation marks omitted). *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 817 (6th Cir. 2010).

### 1. Final Decision on the Merits

In this case, there is a final decision on the merits by a court of competent jurisdiction. *Jodway I* constitutes a final decision on the merits. *See Jodway v. Fifth Third Mortg. Co.*, 557 B.R. 560, 565 (E.D. Mich. 2016) (Sept. 21, 2016) (holding that *Jodway I* was dismissed on the merits).

*2. Privity*

*Jodway I* dismissed claims that the creditor fraudulently induced the Jodways into the mortgage. Given that the same parties to this litigation were the same parties in *Jodway I*, there is privity. *See Jodway I*, *supra*, (dismissing Timothy Jodway's claims against Fifth Third Mortgage Company).

*3. Actually Litigated or Should Have Been Litigated*

Next, the issues brought up now: ECOA violations, unclean hands, and due process should have been litigated in *Jodway I* because each argument presented now seeks to invalidate the mortgage on some level of allegedly fraudulent conduct. *See id*. (discussing Mr. Jodway's motion for relief from a prior bankruptcy court order dismissing his fraud claims against mortgage assignee based on res judicata).

The Appellant seems to suggest that discovery of Application # 3 presents new facts that make res judicata inapplicable. However, that argument is unpersuasive. Even if the Court accepts the Appellant's argument that Application was not discovered until March 2016, Application # 3 is new evidence, but did not produce any new material facts. "[R]es judicata should not be a bar to 'fresh litigation' of issues that are appropriately the subject of periodic redetermination as

is the case with termination proceedings where new facts and changed circumstances alter the status quo." *In re Pardee*, 190 Mich. App. 243, 249, 475 N.W.2d 870, 874 (1991). However, "[i]f the new claim or claims arise from the same group of operative facts as the previously litigated claim or claims, even if there are variations in the evidence needed to support the theories of recovery, we will treat the claims as the same and res judicata will apply." *Green v. Ziegelman*, 310 Mich. App. 436, 445 (2015) (citations omitted).

In this case Application # 3 cannot be said to transform this appeal into "fresh litigation" that changes this case from *Jodway I*. At most, Application # 3 presents new evidence. But the essential terms, the mortgage amount, interest rates, repayment schedule, and negotiations, which form the basis of the Appellant's ECOA, unclean hands, and due process allegations, were known to the Appellants at the time of *Jodway I*. Therefore, the arguments made today could have been made during *Jodway I*, even without Application # 3.

*4. Identity*

Finally, the identity of the causes of actions in this appeal are thematic of the causes of action in *Jodway I*. In *Jodway I*, the Appellant argued that he was fraudulently induced into the mortgage. The claims here, assert the same theme of fraudulent inducement, arising out of the same mortgage transaction, against the same defendant, albeit with slightly different reasoning.

The four requirements to establish res judicata are met. Even if the Court liberally construed the Appellant's brief as appealing the Chapter 13 dismissal rather than attempting to invalidate the mortgage, the claims on appeal are barred.

## IV. CONCLUSION

For the preceding reasons, the Court will AFFIRM the bankruptcy court's decision to dismiss the Chapter 13 plan.

**SO ORDERED.**

Dated: May 31, 2017

Detroit, MI

s/Gershwin A. Drain_____
HON. GERSHWIN A. DRAIN
United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 29, 2017, by electronic and/or ordinary mail.

/s/Felicia Moses for Tanya Bankston
Case Manager, (313) 234-5213